*14-1457-cv*
*Chapotkat v. County of Rockland, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand fifteen.

Present:
>    GUIDO CALABRESI,
>    PETER W. HALL,
>    SUSAN L. CARNEY,
>              *Circuit Judges*

_____

AJAYVEER CHAPOTKAT,

>              *Plaintiff–Appellant*,

>    v.                                                        No. 14-1457-cv

COUNTY OF ROCKLAND, DIANE T. PHILIPPS in her official capacity as Executive Director of the Rockland County Sewer District No. 1, and in her individual capacity,

>              *Defendants–Appellees*,

ROCKLAND COUNTY SEWER DISTRICT NO. 1, BOARD OF COMMISSIONERS OF THE ROCKLAND COUNTY SEWER DISTRICT NO. 1, C. SCOTT VANDERHOEF, in his official capacity as County Executive, and in his individual capacity, PATRICIA PRENDERGAST, in her official capacity as Commissioner of Personnel, and in her individual capacity,

>              *Defendants*.

_____

For Plaintiff-Appellant:        MICHAEL H. SUSSMAN, Sussman & Watkins, Goshen, NY.

For Defendants-Appellees:    Eric Dranoff and ROBERT B. WEISSMAN, Saretzky Katz Dranoff & Glass, L.L.P., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Román, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Ajayveer Chapotkat appeals an April 7, 2014 judgment entered when the district court granted a motion for summary judgment in favor of his employer, the County of Rockland (the "County"), on Chapotkat's age discrimination claim brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision.

We review the district court's grant of summary judgment *de novo*. *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008). Summary judgment is warranted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010) (internal quotation omitted).  We credit the nonmoving party's evidence and draw all permissible factual inferences in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Still, to survive summary judgment "a plaintiff must provide more than conclusory allegations . . . and show more than some metaphysical doubt as to the material facts." *Gorzynski*, 596 F.3d at 101 (internal quotation and citation omitted).

Under the ADEA an employer may not "fail or refuse to hire or . . . discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). An ADEA plaintiff's ultimate burden is to prove by a preponderance of the evidence that "age was the 'but-for' cause of the challenged adverse employment action," rather than merely a motivating factor in the decision. *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 180 (2009).

Following the Supreme Court's decision in *Gross*, we continue to address ADEA claims under the *McDonnell Douglas* burden-shifting framework. *Gorzynski*, 596 F.3d at 106. Under *McDonnell Douglas*, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the plaintiff meets that initial burden, the burden shifts to the defendant to proffer "some legitimate, nondiscriminatory reason" for the challenged action. *Id.* If the defendant does so, the burden shifts back to the plaintiff to show that the defendant's explanation is pretext for discrimination. *Id.* at 804. At this third step in the analysis, following *Gross*, the ADEA plaintiff must show that age was a "but-for" cause of the employer's action. *Gorzynski*, 596 F.3d at 106. Thus, to resist summary judgment on an ADEA claim successfully, a plaintiff must demonstrate that a reasonable jury could conclude by a preponderance of the evidence that the employer's explanations are pretextual and that, but for the plaintiff's age, the employer would not have taken the action it did. *Id.* at 107.

The district court concluded that Chapotkat established a prima facie case of age discrimination and that the County satisfied its burden to proffer a legitimate non-discriminatory reason for deciding not to appoint Chapotkat provisionally to the Pollution Control Supervisor ("PCS") position. We agree, and neither party challenges these determinations on appeal.

3

Chapotkat takes issue with the district court's conclusion as to the third step of the *McDonnell Douglas* framework: that the County was entitled to summary judgment because Chapotkat could not raise a genuine issue of material fact as to whether the County's non-discriminatory reasons were pretext for age discrimination and age was a "but-for" cause of the County's decision not to promote him. Chapotkat contends that the factual context surrounding the promotion demonstrates pretext and points to age-related comments by Sewer District personnel during his interview for the PCS position, arguing that, in concert, these circumstances could lead a reasonable jury to find in his favor on his ADEA claim. We hold that the district court correctly granted summary judgment because no reasonable jury could conclude that age was a "but-for" reason that Chapotkat was not promoted to the PCS position.

The ADEA aims to prevent adverse employment decisions grounded in "inaccurate and stigmatizing stereotypes" about older workers' "productivity and competence." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993). "[E]mployment decisions driven by factors that are empirically intertwined with age are not discriminatory so long as they are motivated by 'some feature other than the employee's age.'" *Criley v. Delta Air Lines, Inc.*, 119 F.3d 102, 105 (2d Cir. 1997) (quoting *Hazen Paper*, 507 U.S. at 609). Thus, we have held that "decisions motivated by economic concerns do not violate the ADEA." *Id.*

Affirming summary judgment for the employer in *Criley*, we determined that "[n]one of the statements cited by plaintiffs reflect any age-based stereotype or belief that older [employees] are less competent than younger ones." *Id.* The same is true here. As direct evidence that age-related animus gave rise to the County's decision, Chapotkat presents only Chief Operator Gonos's comments made during his interview. According to Chapotkat, Gonos told Chapotkat that he did not "like when people in their late fifties and sixties come and they don't stay here,"

4

that he did not "like the process of selection," and that he "prefer[red] someone who could stay here for a long time." Gonos then asked Chapotkat how old he was, to which Chapotkat responded that he was 51 and that he intended to work 15 more years. Chapotkat contends that this exchange demonstrates "an age-based stereotype—that older employees do not stick around." We are not persuaded.

Even assuming—and we do not—that a jury could accept Chapotkat's interpretation on appeal, the asserted "stereotype" would not show that the County used age as a proxy for productivity or competence. Moreover, Chapotkat's response to Gonos's comments—that he planned to work 15 more years—reflects Chapotkat's own understanding that Gonos was concerned with the length of the incoming PCS's tenure, not with his age. Although Gonos's comments mention age, the concern expressed is with the inefficiency of a frequently-recurring hiring process.

We also consider Gonos's comments alongside other undisputed facts that support the County's nondiscriminatory explanation for its decision. When he was interviewed for the PCS position, Chapotkat was 52, not in his "late fifties" or "sixties." Gonos had headed up the hiring process for the prior two PCSs when they were hired; both of them were older than Chapotkat. Between applying for the position and his interview, Chapotkat joined two other employees in advocating for the elimination of the PCS position as a cost-saving measure. Only Linda Hoffman had applied for the position when the prior PCS officially retired and the County needed to make a "temporary" appointment. Hoffman served in this temporary role for a number of months before she was hired for the provisional role at issue in this appeal. Unlike Chapotkat's application, Hoffman's was typewritten and included a copy of the job description and her resume. With respect to "on paper" qualifications as represented in the PCS job

5

description, neither Chapotkat nor Hoffman was objectively more qualified than the other for the position.

Considered as a whole, the evidence is insufficient to create a genuine issue as to whether age was a "but-for" cause of the County's decision. Chapotkat argues that Hoffman was unfairly singled out for promotion instead of him. That may be the plain reality, but nothing suggests that age was a "but-for" cause of the County's decision not to promote Chapotkat. The district court did not err in granting the County's motion for summary judgment.

We have considered Chapotkat's remaining arguments and find them to be without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk